UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$27,270.00 IN UNITED STATES CURRENCY,<br><br>Defendants. | CIVIL ACTION NO.:<br>1:20-CV-01703-CAP |

# STIPULATION OF FINAL SETTLEMENT AND RELEASE OF ALL CLAIMS

WHEREAS, on April 22, 2020, the United States of America, by and through its agents, filed a Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C) against $27,270.00 in United States Currency; and

WHEREAS, on June 4, 2020, Claimant Hector Nunez Lopez filed a verified Claim, alleging he is the sole and exclusive owner of the Defendant $27,270.00. [Doc. 12]; and

WHEREAS, on or about June 18, 2020, Claimant Hector Nunez Lopez filed an Answer to the Complaint [Doc. 14]; and

WHEREAS, the United States and Claimant desire to reach a full and final settlement of all civil claims arising out of this forfeiture action without the necessity of further legal action.

The parties hereby enter into this Stipulation of Final Settlement and Release of All Claims ("the Final Settlement").

THE UNITED STATES OF AMERICA AND CLAIMANT HECTOR NUNEZ LOPEZ HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. The United States and Claimant agree, understand, and acknowledge that none of the parties to this Final Settlement admit or acknowledge any liability whatsoever to the other and, further, that the parties specifically and expressly deny any such liability. Neither this Final Settlement nor any payment hereunder is to be construed as an admission of liability by any party.

2. The United States agrees to release $5,000.00 from Defendant $27,270.00 in United States Currency to Claimant Nunez Lopez, through his attorney. In consideration thereof, Claimant agrees to forfeit to the United States the remainder of Defendant $27,270.00 totaling $22,270.00 in United States Currency. Claimant shall not receive any other payment from the United States relating to the seizure, detention, forfeiture, or disposal of the balance of Defendant $22,270.00 in United States Currency.

3.     Claimant acknowledges, understands, and agrees that the United States shall dispose of the balance of Defendant $22,270.00 in United States Currency it retained according to law.

4.     Claimant represents that at the time of the seizure, he was the sole owner of Defendant $27,270.00 in United States Currency.

5.     Claimant understands, acknowledges, and agrees to hold harmless and indemnify the United States, its agents, representatives, and employees, including, but not limited to any involved State or local law enforcement agencies and their agents, servants, or employees, the United States Department of Justice, the United States Attorney's Office for the Northern District of Georgia, the United States Department of Treasury, and the United States Marshals Service, from any and all claims, suits, or demands made upon them of whatever nature, in connection with, arising from or relating in any way to the seizure, detention, forfeiture, and disposal of the balance of Defendant $22,270.00 in United States Currency.

6.     Claimant understands, acknowledges, and agrees that his or his agent's execution of this Final Settlement releases any and all rights, demands, claims, suits, actions, or causes of action Claimant has or may have had against any and all law enforcement agents involved in the seizure of the Defendant $27,270.00 in United States Currency. Claimant acknowledges and understands the provisions

of this Final Settlement and the legal effect of them, and Claimant has entered into this Final Settlement freely and voluntarily, without coercion, duress or undue influence.

7.      The United States and Claimant agree that each party shall be responsible for his or its own attorney's fees and costs.

8.      This Final Settlement constitutes the entire understanding between the parties hereto concerning the settlement of this civil forfeiture matter.  This Final Settlement shall have no effect on any civil, criminal, administrative, or tax-related action, whether State or Federal, that has been or may be brought against Claimant or anyone else as a result of the facts and circumstances giving rise to the seizure of the Defendants.  No promise or representation that is not expressly set forth herein has been made to Claimant to obtain Claimant's consent to this Final Settlement.  This Final Settlement shall have no effect on any Defendant Properties not specifically referenced herein.

9.      Payments related to this Final Settlement are subject to offset pursuant to the Treasury Offset Program.  Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and certain other debts owed to individual states, including, but not limited to delinquent child support.  The IRS also levies disbursing officials to collect delinquent tax debts.

Agencies submitting debts for collection by offset or levy send due process notification to the last known address prior to submission. If a payment to be made to Claimant is reduced to collect a debt, the Department of Treasury will send a notice to Claimant at the last address provided by Claimant to the governmental agency or entity to whom the offset payment is made. If Claimant believes that this payment may be subject to an offset, Claimant may contact the Treasury Department at 1-800-304-3107.

10. The terms of this Final Settlement are contingent upon the Court's entry of a final order and judgment of forfeiture.

11. The terms and conditions of this Final Settlement shall be binding upon and are for the benefit of the parties hereto and their respective representatives, heirs, successors, executors, administrators, and assigns.

12. This Final Settlement may be executed in counterparts, each of which constitutes an original, and all of which constitute one and the same Final Settlement.

Executed this 30th day of September, 2020.

| | |
|---|---|
| BYUNG J. PAK<br>UNITED STATES ATTORNEY | CLAIMANT HECTOR NUNEZ LOPEZ |
| *Cynthia B. Smith*<br>_____<br>CYNTHIA B. SMITH<br>ASSISTANT U.S. ATTORNEY<br>GEORGIA BAR NO.: 655473<br>75 Ted Turner Drive, S.W.<br>Suite 600<br>Atlanta, Georgia 30303<br>(404) 772-4433 (Telephone)<br>Cynthia.smith2@usdoj.gov | _____<br>JOSEPH HABACHY<br>JOE S. HABACHY, P. C.<br>GEORGIA BAR NO.  367735<br>The Grant Building<br>44 Broad Street NW, Suite 203<br>Atlanta, Georgia 30303<br>404-523-6622<br>habachylaw@gmail.com |